**Edward THOMAS, Appellant,**

v.

**Larry G. MASSANARI, Acting Commissioner of Social Security.(Pursuant to F.R.A.P. 43(c))**

No. 01–2435.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit L.A.R. 34.1(a) Jan. 16, 2002.

Decided Jan. 23, 2002.

Before RENDELL, FUENTES, and MAGILL,* Circuit Judges.

MEMORANDUM OPINION

FUENTES, Circuit Judge.

Plaintiff Edward Thomas appeals the District Court's dismissal of his complaint seeking judicial review of the final decision of the Commissioner of Social Security denying his application for Disability Insurance Benefits and Supplemental Security Income.

 Our review is limited to determining whether the Commissioner's decision is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3). This Court neither undertakes a *de novo* review of the decision, nor does it re-weigh the evidence in the record. *Monsour Med. Ctr. v. Heckler,* 806 F.2d 1185, 1190 (3d Cir.1986). "We will not set the Commissioner's decision aside if it is supported by substantial evidence, even if we would have decided the factual inquiry differently." *Hartanft v. Apfel,* 181 F.3d 358, 360 (3d Cir.1999). Substantial evidence is evidence that is less than a preponderance, but more than a mere scintilla. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). That is, it "does not mean a large or considerable amount of evidence, but rather 'such rele-

---

* Honorable Frank J. Magill, United States Circuit Judge for the Eighth Circuit, sitting by designation.

148

vant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Pierce v. Underwood,* 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988) (quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)); *accord Hartranft,* 181 F.3d at 360.

■ We have carefully considered Thomas's arguments in this appeal and find that they lack merit. For the reasons substantially stated in the Magistrate's Report and Recommendation adopted by the District Court, we find that the Administrative Law Judge's ("ALJ") decision was supported by substantial evidence. In particular, we agree with the District Court that substantial evidence supports the ALJ's determination to reject the opinion of Thomas's treating physician as contradicted by other medical evidence. The record shows that Thomas's sarcoidosis only results in serious limitations during the relatively rare periods of exacerbation. Further, we find no problems with the hypothetical question the ALJ posed to the vocational expert, and agree with the District Court that the question reflected all factors and limitations actually supported by the record of Thomas's individual case. We therefore affirm.